NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D

AUG 2 5 2005

LE... ...
CLERK...

CIVIL ACTION NO. 05-CV-417-KKC

TERRY DENNARD McNEAIR                                        PETITIONER

v.                           **MEMORANDUM OPINION AND ORDER**

CHARLES SAMUELS, WARDEN                                    RESPONDENT

Terry Dennard McNeair, an individual presently confined at the Federal Correctional Center in Manchester, Kentucky ("FCI- Manchester"), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 [Record No. 1]. He has paid the $5.00 filing fee [*Id.*].

This matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

RESPONDENT

The named respondent is Charles Samuels, Warden of FCI-Manchester.

CLAIMS

_____The petitioner raises one argument in his submission. He alleges that the when the United States District Court for the Middle District of North Carolina at Greensboro ("the trial court")[1] sentenced him in 1996, it erroneously imposed a $50.00 special assessment. The petitioner claims that because the trial court was bound by 18 U.S.C. §3013 to impose a $100.00 assessment for persons convicted of an offense on or after April 24, 1996, his judgment of conviction is illegal, void, and should be set aside.[2]

RELIEF REQUESTED

The petitioner seeks an order vacating his judgment and remanding his criminal proceeding to the trial court for re-sentencing.

DISCUSSION

In June, 1996, a jury in the trial court convicted the petitioner of drug offenses. On November 26, 1996, the trial court imposed a 360 month sentence with five years of supervised

---

[1]  The case number in the trial court was 4:96-CR-00070-FWB-2 (Hon. Frank W. Bullock, presiding).

[2] 18 U.S.C. §3013 provides in part as follows:

(a) The court shall assess on any person convicted of an offense against the United States--
- - -
 (2) in the case of a felony--
  (A) the amount of $100 if the defendant is an individual; . . . .

2

release, and a $50.00 special assessment.  In April of 1998, the Fourth Circuit confirmed the petitioner's conviction.

### 1.  2001 "Motion to Vacate" under 28 U.S.C. §2255

The Court has obtained a copy of the docket sheet of the petitioner's criminal case in the trial by use of the "Public Access to Court Electronic Records" ("PACER") website.  According to the trial court docket sheet, on July 13, 2001 the petitioner filed a §2255 "Motion to Vacate" his sentence in the trial court [Trial Court Docket Sheet, Docket Entry ("DE") Nos. 105 and 106]. On December 17, 2001, the trial court entered an Order and Judgment denying the petitioner's §2255 motion [DE Nos. 114 and 118].  The trial court also denied the petitioner a Certificate of Appealability [DE No. 117] .

### 2.  2003 Request for "Certificate of Appealability" and 2004 "Motion to Vacate" under 28 U.S.C. §2255

Almost two years later, on November 12, 2003, the petitioner filed a motion for Certificate of Appealability [DE No. 120].  On April 30, 2004, the trial court entered an Order denying the petitioner's motion [DE No. 121].  Apparently undeterred, the petitioner then filed a second "Motion to Vacate" under 28 U.S.C. §2255 on November 15, 2004 [DE No. 122].  On the same day that the petitioner filed his second §2255 motion, Magistrate Judge Russell A. Eliason entered a Recommendation and Order recommending that the second §2255 motion be dismissed *sua sponte* for failure to obtain a certification authorizing the filing of said motion from the Fourth Circuit as required by 28 U.S.C. §2255 and §2244, and Fourth Circuit Local Rule 22(d) [DE No. 123].  On February 7, 2005, the trial court entered a Judgment adopting the Magistrate's recommendation, concluding that no substantial issue for appeal concerning the

3

denial of a constitutional right affecting conviction existed. and denied the request for a certificate of appealability [DE No. 125].

## DISCUSSION
### 1. Remedy under 28 U.S.C. §2255

The general rule is that 28 U.S.C. §2255 relates to conviction and imposition of sentence and such issues must be brought before the trial court. A petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 is to be brought in the district where a petitioner is incarcerated and may only challenge execution of sentence, such as the computation of parole or sentence credits. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir.1991); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979); (per curiam); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir.1977).

The instant petitioner argues that because the trial court imposed $50.00 special assessment under 18 U.S.C. §3013 instead of $100.00, his sentence should be vacated. Clearly, the petitioner is not challenging the manner in which his sentence is being executed, but is instead challenging the validity of his sentence. Accordingly, he must proceed pursuant to 28 U.S.C. §2255 in the sentencing court. *Capaldi v. Pontesso*, 135 F.3d 1122 (6th Cir. Feb. 5, 1998); *Moore v. Perrill*, 39 F.3d 1192, 1994 WL 628939 (10th Cir. 1994) (unpublished opinion). If disappointed there, he may appeal that court's decision, but they may not proceed under 28 U.S.C. §2241 except under extraordinary circumstances. A petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 is reserved for a challenge to the manner in which a sentence is executed, rather than to the validity of the sentence itself. *United States v. Jalili*, 925 F.2d at 893.

In highly exceptional circumstances, a federal prisoner may challenge his sentence before the district court in the district of his incarceration, rather than going to the trial court with a §2255 motion. This is based on certain language in the fifth paragraph of 28 U.S.C. §2255, which provides that a district court may exercise jurisdiction over §2255 claims under 28 U.S.C. §2241. Commonly called the "savings clause" of §2255, such use of §2241 is conditioned upon the petitioner's establishing that "the remedy by [§2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255; *Cohen v. United States*, 593 F.2d at 770-71.

In *Charles v. Chandler*, 180 F.3d 753, 757 (6th Cir. 1999), and as amended later in *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003), the Sixth Circuit established the threshold which must be met by §2241 petitioners who wish the Court in the district of their confinement to entertain a challenge to a conviction or sentence which would ordinarily be brought to the trial court pursuant to §2255. The Sixth Circuit requires first that a petitioner demonstrate that his remedy under §2255 is truly "inadequate" or "ineffective," and neither an earlier unsuccessful §2255 motion nor a time bar will meet this standard. *Charles*, 180 F.3d at 757. The burden is on the petitioner to demonstrate inadequacy or ineffectiveness as a threshold matter. *Id.* at 756. The second component which must be demonstrated is that the §2241 petitioner has a claim of "actual innocence," as the petitioner in *Martin* did. *Martin*, 319 F.3d at 804-05. The Court finds that the petitioner has failed to establish either of the two prerequisites for use of §2241.

## 2. §2255 Remedy was not "Inadequate or Ineffective"

First, assuming that the petitioner did, in fact, raise his current claim when he filed both his first and second §2255 motions in the trial court and when he filed his subsequent requests

5

for a certificate of appealability, the fact that he was unsuccessful in advancing his current claims in those §2255 motions would not entitle him to relief in this Court under §2241.[3]

The remedy under §2255 is not inadequate or ineffective simply because a petitioner has been denied relief under §2255 or permission to file a second or successive § 2255 motion. *Charles*, 180 F.3d at 756-58. The remedy afforded under §2241 is not an additional, alternative or supplemental remedy to that prescribed under §2255. *Id.* at 758. In the petitioner's case, he filed a §2255 motion in 2001, which the trial court denied. The trial court further denied the petitioner a certificate of appealability. Two years later, the petitioner again unsuccessfully sought a certificate of appealability from the trial court. Having failed at that effort, the petitioner then filed a second §2255 motion in the trial court, which was dismissed because he failed to first obtain authorization from the Fourth Circuit Court of Appeals. The fact that the trial denied him relief on these various occasions does not equate into a finding that the petitioner is entitled to relief in this Court under §2241. *Charles* at 758.

### 3. No Claim of Actual Innocence

Second, the petitioner is not asserting a claim of actual innocence of the crime for which he was convicted and sentenced in the trial court. He asserts at best only a claim based upon a technicality relating the imposition of the special assessment, which claim barely rises to the level of a claim of procedural error. Actual innocence is discussed at length in *Bousley v. United States*, 523 U.S. 614 (1998). In *Bousley*, the Supreme Court explained that "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not

---

[3] It is unknown whether the petitioner raised his current argument relating to the $50.00 special assessment under 18 U.S.C. § 3013 when he filed his §2255 motion and subsequent applications for a certificate of appealability.

that no reasonable juror would have convicted him." *Id.* at 623. The Court continued, stating, "It is important to note in this regard that 'actual innocence' means **factual innocence, not mere legal insufficiency. . . .**" *Id.* at 623-24.

Case law distinguishes claims falling under the label of "legal innocence" from claims of "actual innocence" of the underlying offense charged in the indictment. *See Hernandez-Escarsega v. Morris*, 2002 WL 845060 (10th Cir. May 3, 2002) (Table, unpublished) (the court distinguishing claims of legal innocence from claims of actual, or factual innocence); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001) ("[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law."); *Whitener v. Snyder*, 23 Fed. Appx. 257, 2001 WL 1178302 (6th Cir. 2001) (same).

Therefore, the instant petitioner has failed to pass the threshold of demonstrating both that his remedy by a §2255 motion to the trial court is inadequate and ineffective *and* that he is actually innocent of criminal conduct. Accordingly, his petition must be denied and his cause dismissed. **The petitioner is advised that if he wishes to pursue his current claim which the Court construes as falling under 28 U.S.C. §2255, he must do so in the trial court or the Fourth Circuit Court of Appeals**.

<u>CONCLUSION</u>

Accordingly, **IT IS ORDERED** as follows:

(1)       This action will be **DISMISSED WITH PREJUDICE,** *sua sponte,* from the docket of the Court.

7

(2)  Judgment shall be entered contemporaneously with this **Memorandum Opinion and Order** in favor of the Respondent.

This the 25th day of August, 2005.

Signed By:

*Karen K. Caldwell*

United States District Judge

8